# United States District Court
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| KOMOREBI ADVISORS, LLC d/b/a INFINIWELL | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:26-CV-02258-S |
| | § | |
| SPRAY LABS, LLC, and SPRITZ HEALTH, LLC | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants Spray Labs, LLC, and Spritz Health, LLC's Motion for Leave ("Motion") [ECF No. 50] to file their Appendix to Defendants' Response to Plaintiff's Emergency Application for Temporary Restraining Order ("Appendix") [ECF No. 11] and Brief in Response to Plaintiff's Request for Expedited Discovery & Preservation Order ("Response") [ECF No. 22] under seal. Having reviewed the Motion and the applicable law, the Court **GRANTS** the Motion.

## I. BACKGROUND

On July 8, 2026, Plaintiff Komorebi Advisors, LLC d/b/a InfiniWell filed its Emergency Application for Temporary Restraining Order & Motion for Preliminary Injunction. *See* ECF No. 2. The next day, the Court instructed Defendants to file any response by that night, July 9, 2026. Mot. 1. Defendants filed their Appendix under seal without first seeking leave of Court. *Id.* Further, on July 20, 2026, Defendants filed their Response under seal without first seeking leave of Court. Mot. 1-2. Defendants now seek leave of Court to file their Appendix and Response under seal.

## II. LEGAL STANDARD

Pursuant to Local Civil Rule 79.3(b), "[i]f no statute or rule requires or permits a document to be filed under seal, a party may file a document under seal only on motion and by permission of the presiding judge." No statute or rule requires or permits sealing here; therefore, the Court must determine whether sealing is warranted. The Court "heavily disfavor[s] sealing information placed in the judicial record." *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 519-20 (5th Cir. 2022). In determining whether a document should be sealed, the Court undertakes a "document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419 (5th Cir. 2021) (internal quotation marks and citation omitted). This standard is "arduous," and the balancing test is stricter than it is at the discovery stage. *June Med. Servs.*, 22 F.4th at 521 (citation omitted). "[T]he working presumption is that judicial records should not be sealed." *Binh Hoa Le*, 990 F.3d at 419 (citation omitted).

## III. ANALYSIS

Defendants seek leave to file their Appendix and Response in redacted format. Mot. 3. Defendants state that the Appendix contains "sensitive trade secret information related to Spray Labs's formulation of the BPC-157 spray at issue." Mot. 3. "Public disclosure of information such as trade secrets that will cause competitive harm to a business is a factor that weighs in favor of sealing documents containing such information." *Select Interior Concepts, Inc. v. Pental*, No. 3:20-CV-295-L, 2020 WL 2132575, at *4 (N.D. Tex. May 5, 2020). Further, Defendants state that the Response contains "information related to national security." Mot. 3 (citing *Binh Hoa Le*, 990 F.3d at 417). Accordingly, the Court concludes that filing the Appendix and the Response in redacted format is appropriate.

Defendants' redactions appropriately balance the need to protect sensitive information with the need for the Court to form an opinion. And redaction "is often practicable and appropriate as the least restrictive means of safeguarding sensitive information." *United States v. Ahsani*, 76 F.4th 441, 453 (5th Cir. 2023) (citation omitted). Further, because the redactions are narrowly tailored to protect only sensitive information, the Court finds that the interests in support of nondisclosure outweigh the public's common law right of access to the redacted information contained in the Appendix and Response. *See United States v. Planned Parenthood Fed'n of Am.*, No. 2:21-CV-022-Z, 2023 WL 8116198, at *4 (N.D. Tex. Aug. 4, 2023) ("[A]ppropriate redaction rather than sealing is the preferred means of achieving privacy balanced with the public's right of access." (alteration in original) (citation omitted)).

## IV. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Defendants Spray Labs, LLC, and Spritz Health, LLC's Motion for Leave [ECF No. 50]. The Court **DIRECTS** Defendants to file public versions of the Appendix to Defendants' Response to Plaintiff's Emergency Application for Temporary Restraining Order [ECF No. 11] and Defendants' Brief in Response to Plaintiff's Request for Expedited Discovery & Preservation Order [ECF No. 22] with the redactions proposed in connection with the Motion.

**SO ORDERED.**

SIGNED September 4, 2026.

**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**